IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00318-GPG

SALVADOR MAGLUTA,

    Plaintiff,

v.

UNITED STATES BUREAU OF PRISONS,
F.N.U. VANEC, Assistant SIS at U.S.P. Florence,
THERESA MONTOYA, Senior Legal Counsel at ADX Florence,
RICHARD DERR, Unit Manager at U.S.P. Florence,
CHARLES DANIELS, Warden at U.S.P. Florence,
CRAIG F. SWARTZ, Assistant Warden at U.S.P. Florence,
PAUL M. LAIRD, Regional Director of the Federal Bureau of Prisons,
F.N.U. MEYERS, S.I.A. at U.S.P. Terre Haute,
JOHN F. CARRAWAY, Warden at U.S.P. Terre Haute,
F.N.U. ROY, SIS Technician at U.S.P. Terre Haute,
JASON CRUZE, S.I.S. Technician at U.S.P. Terre Haute,
SEAN SNYDER, Captain at ADX Florence,
ELEANOR ALEXANDER, ADX Hearing Administrator,
BELINDA AUTERSON, Disciplinary Hearing Officer at U.S.P. Terre Haute,
JOSE A. SANTANA, Chief Designation Sentencing Comp. Center Grand Prairie, Texas,
BLAKE R. DAVIS, Assistant Director, Correctional Program Division, BOP Central
    Office,
TERESA NEHLS, Nurse Practitioner, F.C.C. Florence,
DAVID ALLRED, Clinical Director, F.C.C. Florence,
F.N.U. SANTINI, Clinical Director, F.C.C. Florence,
DAVID BERKEBILE, Warden, ADX Florence,
LISA McDERMOTT, A.H.S.A., U.S.P. Florence,
JOHN DOES, BOP Staff Terre Haute, and
JOHN DOES, BOP Staff Florence,

    Defendants.

---

## ORDER TO AMEND

---

On February 14, 2015, Plaintiff Salvador Magluta, through counsel, filed a 120-page Complaint that has 311 attachments, names twenty-one defendants, and asserts

twenty-eight claims. Pursuant to 28 U.S.C. § 1915A and to D.C.COLO.LCivR 8.1(b)(2) and (3), this Court is required to review the pleadings of a prisoner, when he is challenging prison conditions and seeking redress from a governmental entity, officer or employee, to determine if the pleadings should be summarily dismissed.  Pursuant to this Court's initial review and the following findings, counsel will be directed to amend the Complaint.

First, the Court takes notice of the cases Plaintiff has filed previously regarding the conditions of his confinement.[1] When Plaintiff was a pretrial detainee in 1994 and 1999, he filed, with the assistance of counsel, two cases challenging the conditions of his detainment.  *See Magluta v. Haro, et al.*, No. 99-cv-00900-FAM (S.D. Fla. Apr. 26, 1999) (voluntary dismissal); *Magluta v. Samples, et al.*, No. 94-cv-02700-TWT (N.D. Ga. Apr. 21, 2006), *vacated and remanded*, 256 F.3d 1282 (11th Cir. July 13, 2001) (with instructions to allow plaintiff to amend), *affirmed in part and vacated and remanded in part*, No. 03-11667 (11th Cir. July 8, 2004) (due process claim remanded), *aff'd*, No. 06-12870 (11th Cir. June 11, 2007) (found the evidence does not establish that plaintiff's pretrial detention amounted to punishment because plaintiff poses a serious and legitimate security risk, and his detention was not an exaggerated response).

---

[1] Counsel has noted on Page 117 of the Complaint twelve cases that Plaintiff has filed previously in at least three different federal district courts. Not all of the cases identified on Page 117 address Plaintiff's conditions of confinement. Also, several of the case numbers do not correspond with the cases listed in the Public Access to Court Electronic Records (PACER) and appear to be incorrect. Nonetheless, the Court addresses only the cases that pertain to Plaintiff's conditions of confinement.

Since Plaintiff's conviction and sentence in 2002, Plaintiff has filed three additional civil cases challenging the conditions of his confinement (one concerned the conditions of his pretrial confinement), specifically his classification and denial of access to his attorneys. *Magluta v. Bureau of Prisons, et al.*, No. 11-cv-02381-RM-KLM (D. Colo. Oct. 14, 2014) (After three years of litigation and 168 entries on the Court Docket, Plaintiff filed a notice of voluntary dismissal.); *Magluta v. Bureau of Prisons, et al.*, No. 08-cv-00404-CMA-MJW (D. Colo. Feb. 23, 2010) (stipulated motion to dismiss in connection to settlement of the matter); *Magluta v. Wetzel, et al.*, No. 03-cv-20155-PAS (S.D. Fla. Dec. 29, 2006) (challenged pretrial administrative detention pending trial; claims dismissed pursuant to Fed. R. Civ. P. 12(b)(6)), *dismissed on appeal*, No. 07-10707 (11th Cir. Jan. 4, 2008) (failure to prosecute).

In Case No. 11-cv-02381-RM-KLM, Plaintiff's attorney, who is the same attorney that has made an appearance in this case and submitted the 120-page Complaint on Plaintiff's behalf, in support of the voluntary dismissal stated as follows:

> Plaintiff, Salvador Magluta, through his lawyer, Kelly C. Cherry, pursuant to Rule 41(a)(A) of the Federal Rules of Civil Procedure, hereby gives notice that he voluntarily dismisses this case and states as follows:
>
> 1. Neither an Answer nor a Motion for Summary Judgment has been filed in the case.
>
> 2. Undersigned counsel did not participate in the filing of the various Complaints and the litigation of the Motions to Dismiss. **After thorough review of the Complaints and the relevant case history, undersigned counsel has determined that further effort to litigate these claims is not warranted**.

*Magluta*, No. 11-cv-02381-RM-KLM at ECF No. 167 (emphasis added). Plaintiff's attorney entered the notice of voluntary dismissal in case No. 11-cv-02381 after a

seventy-five page recommendation was entered by the magistrate judge that addressed plaintiff's seventy-five page complaint that named twenty-three defendants and asserted eight claims.

Here, counsel on behalf of Plaintiff, asserts jurisdiction pursuant to 42 U.S.C. §§ 1985, 1986, 1988; 28 U.S.C. §§ 1331, 1343, 1361, 2201, 2202, 2241; 5 U.S.C. §§ 702 and 706; *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 288 (1971), the Administrative Procedures Act (APA); and *Accardi v. Shaughnessy*, 347 U.S. 260 (1954).  Relying on 28 U.S.C. § 1391(a)(2)(b)(e), counsel further contends that venue is proper because a substantial portion of the causes of action arose in this district.

Although the named parties are different in this action from Case No. 11-cv-02381, the nature of the allegations is somewhat similar in that Plaintiff is challenging his access to his attorneys, his classification, retaliation for filing civil actions and administrative remedy requests, and conspiracy by defendants.  The twenty-eight claims presented by counsel are as follows:

> 1. Defendants BOP, Carraway, Meyers, and Cruze initiated unlawful disciplinary actions in violation of APA, the *Accardi* Doctrine, 28 U.S.C. §§ 1361, 2201, 2202, and 2241, and the traditional notions of equity;
>
> 2. Defendants Carraway, Cruze, Meyers, and Auterson violated Plaintiff's Fifth Amendment right to equal protection by imposing a different sanction on him than his cellmate as a result of a disciplinary action;
>
> 3. Defendants Carraway, Cruze, Meyers, and Auterson violated Plaintiff's Eighth Amendment rights by imposing grossly disproportionate penalties as a result of disciplinary action;
>
> 4. Defendants Carraway, Cruze, and Meyers violated

        Plaintiff's First Amendment rights by denying legal telephone calls and visits;

5. Defendants Carraway, Meyers, and Cruze violated Plaintiff's Fifth Amendment rights by interfering with legal mail and seizing legal documents;

6. Defendants Carraway, Meyers, and Cruze violated First Amendment rights by interfering with legal mail and seizing legal documents

7. Defendants Carraway, Meyers, and Auterson violated First Amendment rights by placing Plaintiff in segregated confinement based on false charges in retaliation for exercising constitutional and statutory rights;

8. Defendants Carraway, Meyers, Cruze, BOP, Auterson, and John Does conspired in violation of 42 U.S.C. § 1985 by concealing information that would prove his innocence in the disciplinary action;

9. Defendants Carraway, Cruze, Meyers, and Auterson in violation of 42 U.S.C. § 1986, even if not conspirators, failed to prevent or aid in preventing any wrong mentioned in § 1985;

10. Defendants BOP, Carraway, Meyers, Vanec, Swartz, Snyder, Daniels, and John Does violated the APA, the *Accardi* Doctrine, 28 U.S.C. §§ 1361, 2201, 2202, 2241 and the traditional notions of equity when they placed Plaintiff at the SHU housing unit at USP Terre Haute and in Florence;

11. Defendants Santana, Meyers, Carraway, Auterson, Daniels, Berkebile, and Laird conspired to violate Plaintiff's due process rights in transferring him to Florence, Colorado, without cause;

12. Defendants Daniels, Swartz, Snyder, and John Does violated Plaintiff's Eighth Amendment rights while he was housed in the SHU at Florence, Colorado;

13. Defendants Daniels, Swartz, Snyder, Vanec, Montoya, Derr, Berkebile, Alexander, Laird, Carraway, Santana, and Davis conspired to submit a request for Plaintiff's ADX placement;

14. Defendants Carraway, Cruze, Laird, BOP, Berkebile, Montoya, and John Does withheld and deprived Plaintiff of his personal property;

15. Defendants Carraway, Cruze, Laird, BOP, Berkebile, Montoya, and John Does violated Plaintiff's First Amendment rights to religious materials;

16. Defendants BOP, Davis, Santana, Laird, Carraway, Daniels, Roy, Derr, Montoya, Alexander, Vanec, Berkebile, and John Does conspired to transfer Plaintiff to ADX Florence;

17. Defendants Vanec, Daniels, Montoya, Derr, Swartz, Roy, and Snyder violated the APA, *Accardi* Doctrine, 28 U.S.C. § 1361, 2201, 2202, and 2241 and traditional notions of equity;

18. "Defendants" violated Plaintiff's First Amendment rights when they denied Plaintiff legal and social visits, legal and general correspondence, and legal and social phone calls under the ADX/SAM restrictions;

19. Defendants BOP, Laird, Daniels, Swartz, Snyder, Derr, Vanec, Montoya, Roy, Berkebile, and John Does violated Plaintiff's Fifth Amendment right to equal protection as is relative to the allegations in the Claim Seventeen;

20. Defendants BOP, Laird, Daniels, Swartz, Snyder, Derr, Vanec, Montoya, Roy, Berkebile, and John Does violated Plaintiff's Eighth Amendment rights by making Plaintiff stand in leg irons and handcuffs during legal visits and denying correspondence with "those of his faith";

21. Defendants conspired with each other and other unknown parties to deny Plaintiff constitutional and regulatory rights in violation of 42 U.S.C. § 1985 and 1986;

22. Defendants Carraway, Meyers, Cruze, Laird, Daniels, Montoya, Vanec, Roy, Berkebile, and John Does violated Plaintiff's constitutional rights in interfering with his access to counsel and to the courts;

23. Defendants BOP, Laird, Daniels, Swartz, Berkebile, McDermott, Allred, Santini, Nehls, Snyder, Vanec, and John Does violated Plaintiff's Eighth Amendment rights by denying him timely medical care for his kidney issues;

24. Defendants BOP, Laird, Daniels, Berkebile, McDermott, Montoya, and John Does violated Plaintiff's Eighth Amendment and due process rights by denying him access to his medical records;

25. Defendants BOP, Laird, Daniels, Swartz, Berkebile, McDermott, Montoya, Allred, Santini, Nehls, Snyder, Vanec, and John Does violated Plaintiff's Eighth Amendment rights by denying him timely dental care;

26. Defendants BOP and John Does violated Plaintiff's Eighth Amendment rights by failing to examine and properly diagnose his eye condition;

27. Defendants Daniels, Derr, Swartz, Laird, McDermott, and John Does denied Plaintiff's due process rights by failing to properly address his medical complaints through the administrative process; and

28. All Defendants violated Plaintiff's First Amendment rights by retaliating against him for "suing" the BOP and its employees and availing himself of the administrative remedy procedures.

This Complaint suffers from multiple deficiencies, based upon which the Court will direct Plaintiff to file an Amended Complaint.

First, the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8. *See Schupper v. Edie*, 193 F. App'x 744, 745-46 (10th Cir. 2006) (upheld the dismissal of a thirty-eight page complaint, containing 292 paragraphs, plus 120 pages of exhibits as unnecessarily prolix).

Plaintiff fails to provide a short and plain statement of his claims showing that he is entitled to relief. In particular, the Complaint is 120 pages long. The claims against named Defendants are not so complex as to require 120 pages to state the allegations. The complaint is repetitive, prolix, and fails to assert personal participation by named

defendants in many of the twenty-eight identified claims. *See Hart v. Salois*, 2015 WL 1020369, *5, — F. App'x — (10th Cir. Mar. 10, 2015) (Plaintiff's "multiple collective allegations against the defendants and corresponding failure to identify each individual defendant's culpable actions only exacerbated this significant deficiency.") Also, Defendants are not required to "piece together the plaintiff's complaint." *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (internal quotations omitted).

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and

9

> eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Furthermore, pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple

defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Plaintiff has identified multiple issues throughout the Complaint.  The issues involve the alleged actions of various defendants and other individuals.  To the extent that Plaintiff may intend to join separate and unrelated issues against multiple defendants based on a conclusory statement of retaliation he is precluded from doing so.  *See Gillon v. Fed. Bureau of Prisons, et al.*, 424 F. App'x 722, 725-26 (10th Cir. 2011) (finding that plaintiff could not join separate and unrelated claims arising out of different incidents based on an "overarching" allegation of retaliation).

"Misjoinder of parties is not a ground for dismissing an action."  Fed. R. Civ. P. 21.  Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options:  (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.' "  *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).  Nonetheless, the Court will refrain from dropping or severing parties at this time because Plaintiff must submit an Amended

Complaint that complies with the joinder requirements of the Federal Rules of Civil Procedure.

To the extent Plaintiff relies on 42 U.S.C. § 1985, only subsection (c) of § 1985 may be applicable. Plaintiff has not alleged how Defendants have violated the elements of a conspiracy claim pursuant to § 1985(c). *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). In as much as Plaintiff's §1985 action is insufficient, the allegations under 42 U.S.C. § 1986 also fail. A claim under § 1986 is derivative of liability under § 1985(3). *Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir. 1985).

The Court also notes that Plaintiff has asserted constitutional violations against the BOP. Plaintiff may not assert a *Bivens* claim for damages against the BOP. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (an inmate may bring a *Bivens* action against the offending individual officer but not against the officer's employer).

Furthermore, Plaintiff's deprivation of his personal property claim, as asserted in the Claim Fourteen, is legally frivolous. Plaintiff does not assert the basis for jurisdiction of this claim. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. Amend V. Plaintiff does not have a constitutionally-protected interest in a prison official's negligent or intentional and deprivations of his property if he has an available adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (explaining a deprivation of property involving a state employee does not constitute a violation of the Due Process Clause "if a meaningful postdeprivation remedy for the loss is available"). Postdeprivation tort remedies are all the process that is due, *Parratt v.*

*Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

To the extent that Plaintiff is seeking enforcement of BOP administrative regulations, in *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation." Under *Accardi* an agency must adhere to its own rules and regulations when an individual's due process interests are implicated. *Accardi*, 347 U.S. at 266-68; *see Barrie v. Fed. Aviation Admin.*, 16 F. App'x 930, (10th Cir. 2001).

Finally, Plaintiff's claims for the most part do not challenge the execution of his sentence, which is the function of a 28 U.S.C. § 2241 habeas proceeding. To the extent in Claim One Plaintiff is challenging the "disallowance of good conduct time," and the claim has merit, it is properly addressed in a separate § 2241 action. "It is well-settled in this circuit that a challenge to the fact or duration of custody must be brought in a habeas petition, while a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Adams v. Berkebile*, 563 F. App'x 650 (10th Cir. 2014) (quoting *Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (internal quotation marks omitted; *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

The housing issues raised in Claim Ten do not implicate § 2241, *Jordan v. Hood*, 117 F. App'x 31 (10th Cir. 2004) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997)), and the APA does not apply to substantive BOP disciplinary determinations involving the reduction of good time credits, *see Jordan v.*

13

*Wiley*, 411 F. App'x 201, *214 (10th Cir. 2011).  Nor does the APA provide for review if an "agency action is committed to agency discretion by law."  5 U.S.C. § 701(a).

Based on the above findings, Plaintiff's 120-page Complaint borders on being malicious.  Under Fed. R. Civ. P. 11(b)(2), counsel has a duty to ensure that the legal and factual contentions she sets forth in every pleading are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  A court may impose sanctions against an attorney if it determines that a signed paper was unwarranted by law or fact.  Fed. R. Civ. P. 11(b) and (c).  The Court, therefore, will direct Plaintiff's attorney to submit an Amended Complaint that complies with the findings of this Order.  The Court also finds that an Amended Complaint in this action, given the nature of the claims, and that the Amended Complaint must comply with Rule 8, and the joinder requirements of the federal rules of civil procedure, should not be longer than thirty pages.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that is no more than thirty pages long and that complies with this Order.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will proceed to dismiss the Complaint in part based on the above findings and proceed with addressing the merits of only the properly asserted claims that remain.

DATED April 2, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge

15